## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA HEAVY & HIGHWAY                :
CONTRACTORS PENSION FUND,                   :    CIVIL ACTION NO.
c/o GEM GROUP                               :
1200 Three Gateway Center                   :
Pittsburgh, PA 15222                        :
                                            :
        and                                 :
                                            :
MICHAEL SAPORITO, TRUSTEE,                   :
20 East Union Street, Rear                  :
Suite 120, First Floor                      :
Wilkes-Barre, PA 18701                      :
                                            :
        *Plaintiffs,*                       :
                                            :
    v.                                      :
                                            :
SKS MANUFACTURING, INC.,                    :
45 Miller Avenue                            :
Uniontown, PA 15401                         :
                                            :
        *Defendant.*                        :

## COMPLAINT

Plaintiffs, Pennsylvania Heavy & Highway Contractors Pension Fund and Michael Saporito, as a Trustee of the Pennsylvania Heavy & Highway Contractors Pension Fund (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby file this Complaint against Defendant, SKS Manufacturing, Inc. ("SKS"), and in support thereof allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs, a joint-labor management trust fund and one (1) of its Trustees, bring this action against SKS pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, to recover due and owing, but unpaid, withdrawal liability from SKS.  As alleged more fully below, Plaintiffs seek a judgment against SKS, requiring it to pay the delinquent withdrawal liability contributions presently outstanding - or alternatively, the entire single sum amount - along with any and all unpaid interest, an award of liquidated damages owed as a result of failing to cure Defendant's withdrawal liability delinquency, costs of litigation and attorneys' fees, as well as any and all other legal or equitable relief as the Court deems appropriate.

## PARTIES

2.    Plaintiff, Pennsylvania Heavy & Highway Contractors Pension Fund (the "Pension Fund"), is a joint labor-management trust plan established pursuant to Section 302(c)(5)(C) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5)(C), which was created and is maintained to collect and receive contributions from various employers having collective bargaining agreements with Pennsylvania Heavy & Highway, and to provide pension benefits for eligible participants and beneficiaries.  The situs of the Pension Fund is Harrisburg, PA.

3.    The Pension Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), as well as a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and Section 4001(a)(3) of ERISA, 29 U.S.C. § 1301(a)(3).

4.    The Pension Fund is administered by the GEM Group, with its office and principal place of business maintained at 1200 Three Gateway Center, Pittsburgh, PA 15222.

5.    Plaintiff, Michael Saporito ("Saporito"), is a Trustee of the Pension Fund, and

therefore, is a fiduciary of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      Saporito, in his capacity as a Trustee of the Pension Fund, maintains his office and principal place of business at 20 East Union Street, Rear, Suite 120, First Floor, Wilkes-Barre, PA 18701.

7.      Saporito has been authorized by the Trustees of the Pension Fund to bring this action on their behalf and on behalf of the Pension Fund.

8.      Defendant SKS is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

9.      SKS is a Pennsylvania corporation that maintains an office and principal place of business at 45 Miller Avenue, Uniontown, PA 15401.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to Section 4301 of the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. § 1451, Section 502 of ERISA, 29 U.S.C. § 1132, and 28 U.S.C. § 1331.

11.     Venue is proper in this judicial district pursuant to Section 4301 of the MPPAA, 29 U.S.C. § 1451, and Section 502 of ERISA, 29 U.S.C. § 1132, because the situs of the Pension Fund is in Harrisburg, PA.

## STATEMENT OF FACTS

12.     SKS was a party to a collective bargaining agreement ("CBA") with the United Steelworkers Union ("the Union") that obligated SKS to make monthly contributions to the

Pension Fund on behalf of employees represented by the Union and covered by the CBA. (A true and correct copy of the relevant portion of Defendant's CBA is attached hereto as Exhibit "A").

13.     During 2013, SKS effected a complete withdraw from the Pension Fund by permanently ceasing all covered operations under the plan, as defined by Section 4203(a)(2) of ERISA, 29 U.S.C. § 1383(a)(2).

14.     As a result, the Pension Fund sent a letter to SKS dated August 20, 2015 ("Letter dated August 20, 2015") advising, *inter alia*, that the Pension Fund had calculated SKS's withdrawal liability, inclusive of interest, in the single sum amount of $64,452.00, payable in thirty-three (33) quarterly installments of $2,453.75, plus a final payment of $2,271.25. (A true and correct copy of the Letter of 08/20/2015 is attached hereto as Exhibit "B").

15.     The Letter dated August 20, 2015 advised SKS that, pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1), quarterly payments were to begin within sixty (60) days of mailing of the demand letter.

16.     Also, notably the Letter dated August 20, 2015 advised SKS that it had the right, within ninety (90) days from receipt thereof, to demand relevant information from the Pension Fund in order to verify, request, review and/or contest SKS's withdrawal liability, but that notwithstanding such request, quarterly payments must made to the Pension Fund.

17.     Notwithstanding, SKS never contested any of the Pension Fund's respective determinations of its withdrawal liability, nor did SKS ever initiate arbitration of the amount of withdrawal liability assessed against it within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and is now precluded from doing so under Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

18.     SKS subsequently failed to make quarterly installment payments that were due on October 20, 2015, January 20, 2016, April 20, 2016, July 20, 2016, October 20, 2016, January 20, 2017, and April 20, 2017, respectively.

19.     Accordingly, on or about August 23, 2016, the Pension Fund sent by and through its Counsel a letter to SKS ("Letter dated August 23, 2016") which, *inter alia*: notified SKS that it was delinquent for past due quarterly installment payments; demanded payment of the delinquent installment amounts immediately; and put SKS on notice that continued failure to make scheduled monthly installment payments would result in acceleration of the full amount of its withdrawal liability.  (A true and correct copy of the Letter dated August 23, 2016 is attached hereto as Exhibit "C").

20.     Since sending the Letter dated August 23, 2016, SKS failed to make additional quarterly installment payments that were due on October 20, 2016 and January 20, 2017.

21.     Despite the clear obligations under ERISA, and in disregard of the demand for payment, SKS has failed and refused, and continues to fail and refuse, to make payments towards its withdrawal liability to the Pension Fund pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and 29 C.F.R. §4219.33, and is in default.

22.     Accordingly, the full amount of the withdrawal liability assessed against SKS by the Pension Fund is now due and owing.

23.     SKS failed to cure the default, thereby entitling the Pension Fund to immediate payment of the full amount of the withdrawal liability assessment.

24.     The current and full amount of SKS's outstanding withdrawal liability, including accrued interest that is now immediately due, is $64,452.00.

## CAUSE OF ACTION

### COUNT I
### (Unpaid Withdrawal Liability Installments)

25.     Plaintiffs incorporate by reference each of the paragraphs of this Complaint as though fully set forth at length herein.

26.     SKS affected a "complete withdrawal" from the Pension Fund within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383.

27.     As a result of its complete withdrawal from the Pension Fund, SKS is obligated to pay withdrawal liability to the Pension Fund pursuant to Section 4201(a) of ERISA, 29 U.S.C. § 1381(a).

28.     The Pension Fund has demanded that SKS pay the withdrawal liability that is due and owing.

29.     SKS failed to make installment payments when due under the applicable payment schedules for the withdrawal liability and, after having been notified of this and failing to cure, is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A). *See* Exhibit "B". *See also* Exhibit "C".

30.     As a result of SKS's failure and/or refusal to pay the withdrawal liability, the Pension Fund has suffered, and will continue to suffer, damages in the amount of $17,176.25, which represents the total of SKS's unpaid quarterly payments of $2,453.75 each for the quarters of October 20, 2015, January 20, 2016, April 20, 2016, July 20, 2016, October 20, 2016, January 20, 2017, and April 20, 2017, plus accrued pre-judgment interest, pursuant to Section 4301(b) of ERISA, 29 U.S.C. §1451(b).

31.     In addition, the Pension Fund is entitled to an award of liquidated damages of twenty percent (20%) on the unpaid principal amount due and owing, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C); an award of costs of litigation and attorneys' fees pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and any and all other such legal or equitable relief as the Court deems appropriate pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E). *See also*, Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against SKS and respectfully request that the Court grant the following relief pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) and Section 4301(b) of ERISA, 29 U.S.C. §1451(b):

(a)     Judgment in the amount of $17,176.25, representing SKS's due and owing, but unpaid, installment payment for the quarters of October 2015, January 2016, April 2016, July 2016, October 2016, January 2017 and April 2017;

(b)     Interest on the delinquent withdrawal liability contributions;

(c)     Liquidated damages;

(d)     Costs of litigation and attorneys' fees; and

(e)     Any other such legal or equitable relief as the Court deems appropriate.

## COUNT II
### (Accelerated Single Sum Liability)

32.     Plaintiffs incorporate by reference each of the paragraphs of this Complaint as though fully set forth at length herein.

33.     SKS effected a "complete withdrawal" from the Pension Fund within the meaning of Section 4203 of ERISA, 29 U.S.C. §1383.

34.     As a result of its complete withdrawal from the Pension Fund, SKS is obligated to pay withdrawal liability to the Pension Fund pursuant to Section 4201(a) of ERISA, 29 U.S.C. §1381(a).

35.     The Pension Fund has demanded that SKS pay the withdrawal liability that is due and owing.

36.     SKS failed to make installment payments when due under the applicable payment schedules for the withdrawal liability and, after having been notified of this and failing to cure, is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5). *See* Exhibit "B". *See also* Exhibit "C".

37.     As a result of SKS's failure and/or refusal to pay the withdrawal liability, the Pension Fund has suffered and will continue to suffer damages in the amount of $64,452.00, which is the amount of SKS's unpaid accelerated single sum withdrawal liability assessment, including accrued interest.

38.     In addition, the Pension Fund is entitled to an award of liquidated damages of twenty percent (20%) of the unpaid single-sum principal amount due and owing, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C); an award of costs of litigation and attorneys' fees pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and any and all other such legal or equitable relief as the Court deems appropriate pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E). *See also*, Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against SKS and respectfully request that the Court grant the following relief pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) and Section 4301(b) of ERISA, 29 U.S.C. §1451(b):

(a) Judgment in the amount of $64,452.00, representing the single-sum withdrawal liability due and owing, and unpaid, by SKS;

(b) Interest on the delinquent single-sum withdrawal liability amount owed;

(c) Liquidated damages;

(d) Costs of litigation and attorneys' fees; and

(e) Any other such legal or equitable relief as the Court deems appropriate.

Respectfully submitted,
**SPEAR WILDERMAN, P.C.**

BY: _____
SYRETTA J. MARTIN
PA #309370
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
P: (215) 732-0101
F: (215) 732-7790
E: smartin@spearwilderman.com
Attorney for Plaintiffs

DATED: May 19, 2017

## EXHIBIT A

JUL-02-2001  07:34        WAGMAN BRIDGE                717 767 5457    P.03/03

## "AFFILIATE" MEMBERSHIP AUTHORIZATION TO PENNSYLVANIA HEAVY & HIGHWAY CONTRACTORS BARGAINING ASSOCIATION

The undersigned has made application for "Affiliate" Membership to the Pennsylvania Heavy & Highway Contractors Bargaining Association, has been interviewed and approved for "Affiliate" Membership by authorized members/representatives/officers of said Association.

An "Affiliate" Member of the PHHCBA is a business/company which performs/provides some type of construction-related services/product which services/product are not covered by the scope of work as provided by the provisions of the Collective Bargaining Agreement between the PHHCBA and the United Steelworkers of America, AFL-CIO-CLC. Such business/company will not be signatory to the Collective Bargaining Agreement between the PHHCBA and the USWA and will not authorize the PHHCBA to represent it and conclude contracts on its behalf. Rather, such business/company will represent itself and conclude contracts directly on its behalf with the USWA.

By executing this Authorization we further agree to become a party to, assume and abide by all the terms and provisions of the Constitution and Bylaws of the Association applicable to "Affiliate" Members.

We know that others act in reliance on this and similar authorizations and that funds are needed to operate the Association, wherefore, we agree to pay such dues as may be assessed and billed to us and other members by a majority of those voting any any duly convened meeting of the Bargaining Association.

By executing this form, the undersigned has access to forward monthly contributions to the following benefit funds, which are jointly Trusteed by representatives of the USWA and the PHHCBA: PA Heavy & Highway Health and Welfare Fund, PA Heavy & Highway Pension Fund, and the Apprenticeship & Training Plan. Contributions must be made to all three plans for covered employees of the undersigned.

By executing this form, we also authorize the Trustees of the Health and Welfare and Pension Funds and the Trustees of the Apprenticeship and Training Fund, in their sole discretion, to call for an audit of this company's payroll records, such audits to be supplied to the Trustees by the Company's own CPA firm within 30 days after request, or failing to supply such, the Trustees are further authorized to engage an independent CPA of their own selection, but at the expense of the undersigned company, to make an audit of payroll records showing names of employees covered by a collective bargaining agreement between the undersigned and the USWA, period of employment, number of hours employed per day, job classifications, etc.

AUTHORIZATION:

Date: 6-29-01

Signature: Steven N. Stamol

Title: PRES. / OWNER

Company Name: SKS MFG. INC.

Address: P.O. BOX 636 / REAR MILLER AVE.

City: UNIONTOWN   State: PA   Zip Code: 15401

TOTAL P.03

**EXHIBIT B**

# PENNSYLVANIA HEAVY AND HIGHWAY
# CONTRACTORS PENSION FUND

Fund Office:  GEMGroup, Administrator, 3 Gateway Center, 401 Liberty Ave, Ste. 1200, Pittsburgh, PA 15222
Phone:  (412) 471-2885 / 1-800-242-8923 / Fax: (412) 471-2891

August 20, 2015

Steven M. Stanish, President
SKS Manufacturing
P.O. Box 636
Uniontown, PA  15401

RE:   **Pennsylvania Heavy & Highway Contractors Pension Fund (the "Plan"):**
      **Demand for Payment of Withdrawal Liability**

Dear Mr. Stanish:

As you know, this office acts as administrator of the Pennsylvania Heavy & Highway Contractors Pension Fund. The Plan's Board of Trustees has determined that SKS Manufacturing, Inc., ("SKS") has ceased to have an obligation to contribute to the Plan. As such, the Trustees have determined that SKS has effected a complete withdrawal from the Plan as of January 1, 2013. Pursuant to the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the "Act"), the Board of Trustees hereby makes demand of payment of withdrawal liability in accordance with the schedule described below.

Please be advised that each entity that is part of the group of trades or businesses under common control with Corporation, if any, is jointly and severally liable for the amounts demanded herein. This letter will constitute a demand on each such party.

As noted, the Trustees have determined that the complete withdrawal of the Employer occurred during the 2012 calendar year. The Fund's actuary has prepared the withdrawal liability calculations pursuant to 29 U.S.C. 1391(b), and has calculated that the Employer is liable to the Fund in the amount of $64,452. In accordance with 29 U.S.C. 1399(b) and the rules of the Plan, you are required to satisfy this obligation through the payment of thirty-three (33) quarterly payments in the amount of $2,453.75, plus a final payment of $2,275.25.

You are required to begin payment of the quarterly installments described above no later than sixty (60) days after the date of this demand, notwithstanding any request for review that you make. The Employer's first quarterly installment is due to the Fund on October 20, 2015. Subsequent installments are due on the last day of every January, April, July and October thereafter, until the final payment is made on January 20, 2024. Failure to make timely payments will result in the accrual of interest on the unpaid amounts and may constitute a default, which will entitle the Plan to require immediate payment of the full amount of the withdrawal liability owed. In addition, the Plan may be entitled to treat such a default as a delinquency, which would result in the assessment of a liquidated damage fee of twenty percent (20%) of the unpaid amount, interest and any court costs and attorney's fees incurred in the collection of any such amount.

The Employer has the right, within ninety (90) days after receipt of this demand, to:

1. Ask the Board of Trustees of the Plan to review any specific matter relating to the determination of the withdrawal liability and the schedule of payments;

2. Identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocated to the Employer; and

3. Furnish any relevant information to the Trustees.

Please note, however, that the law requires that the quarterly payments begin within sixty (60) days of the demand notwithstanding any request for review. If you choose to exercise your right to request a review of the determination of withdrawal liability, you will be notified of the Plan's decision after a reasonable review of the matters raised. Finally, you are entitled to prepay the outstanding withdrawal liability to the Fund, in whole or in part, with accrued interest, if any.

Sincerely,

David Puchalski
Fund Manager/GEMGroup, Inc.

cc: Benjamin Eisner and Andrew Levy, Fund Co-Counsel (via email)
    Glenn Hafer, Fund Actuary (via email)

# Pennsylvania Heavy and Highway Pension Fund
## Summary Information
### Withdrawal Liability As of December 31, 2012
### SKS Manufacturing, Inc.

**Change in Unfunded Vested Benefits**

| Established | Amount | Unamortized as of 12/31/2012 Established | Amount (a) |
|---|---|---|---|
| 12/31/2002 | 13,945,690 | 12/31/2002 | 6,972,845 |
| 12/31/2003 | (5,477,592) | 12/31/2003 | (3,012,676) |
| 12/31/2004 | 2,652,927 | 12/31/2004 | 1,591,756 |
| 12/31/2005 | 39,140,342 | 12/31/2005 | 25,441,222 |
| 12/31/2006 | (7,874,629) | 12/31/2006 | (5,512,380) |
| 12/31/2007 | 3,843,889 | 12/31/2007 | 2,882,917 |
| 12/31/2008 | 9,644,483 | 12/31/2008 | 7,715,586 |
| 12/31/2009 | 31,844,139 | 12/31/2009 | 27,067,518 |
| 12/31/2010 | 19,365,862 | 12/31/2010 | 17,429,276 |
| 12/31/2011 | 19,748,185 | 12/31/2011 | 18,760,776 |
| 12/31/2012 | 29,810,109 | 12/31/2012 | 29,810,109 |
| | | | 129,146,949 |

**Employer Contribution Bases / SKS Contributions / SKS Share of UVB**

| Plan Years | Employer Contribution Bases Amount (b) | SKS Contributions Amount (c) | SKS Share of UVB Amount (a) x (c)/(b) |
|---|---|---|---|
| 1998-2002 | 11,113,064 | 4,606 | 2,890 |
| 1999-2003 | 10,861,808 | 6,122 | -1,698 |
| 2000-2004 | 9,043,453 | 8,324 | 1,465 |
| 2001-2005 | 9,696,274 | 10,422 | 27,344 |
| 2002-2006 | 10,436,939 | 10,750 | -5,678 |
| 2003-2007 | 10,719,061 | 13,264 | 3,567 |
| 2004-2008 | 14,903,145 | 16,468 | 8,526 |
| 2005-2009 | 23,768,615 | 15,945 | 22,445 |
| 2006-2010 | 29,229,610 | 22,068 | 16,182 |
| 2007-2011 | 29,299,590 | 21,038 | 13,471 |
| 2008-2012 | 34,712,839 | 16,220 | 13,929 |
| | | | 102,443 |

**Reallocated Unfunded Vested Benefits**

| Established | Amount | Unamortized as of 12/31/2012 Established | Amount (e) |
|---|---|---|---|
| 12/31/2002 | - | 12/31/2002 | - |
| 12/31/2003 | - | 12/31/2003 | - |
| 12/31/2004 | - | 12/31/2004 | - |
| 12/31/2005 | 40,802 | 12/31/2005 | 26,521 |
| 12/31/2006 | 637,910 | 12/31/2006 | 446,537 |
| 12/31/2007 | 4,535,392 | 12/31/2007 | 3,401,544 |
| 12/31/2008 | - | 12/31/2008 | - |
| 12/31/2009 | 119,963 | 12/31/2009 | 101,969 |
| 12/31/2010 | - | 12/31/2010 | - |
| 12/31/2011 | - | 12/31/2011 | - |
| 12/31/2012 | - | 12/31/2012 | - |

**SKS Share of Reallocated UVB**

| Plan Years | Amount (e) x (c)/(b) |
|---|---|
| 1998-2002 | 0 |
| 1999-2003 | 0 |
| 2000-2004 | 0 |
| 2001-2005 | 29 |
| 2002-2006 | 460 |
| 2003-2007 | 4,209 |
| 2004-2008 | 0 |
| 2005-2009 | 85 |
| 2006-2010 | 0 |
| 2007-2011 | |
| 2008-2012 | 0 |
| | 4,783 |

Total Withdrawal Liability   107,226
De Minimis   42,774
Net Withdrawal Liability   64,452

Payments
Highest Three-year Average Contribution Base Units : 1,963 (Years 2003-2005)
Highest Contribution Amount: $5.00
Annual Payment: $9,815

**EXHIBIT C**

LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*

SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA 19102

TEL: (215) 732-0101   FAX: (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
WILLIAM B. SANDERSON, JR *
LAURIE M. HIGGINS*
NICHOLAS J. BOTTA
YAEL KALMAN*
SYRETTA J. MARTIN
MELISSA A. LOVETT
F. TIGHE BURNS*

PA BAR EXCEPT:
* PA & NJ BAR
◊PA, NJ & DC BAR

NJ OFFICE:
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX: (856) 482-0343

BRUCE E. ENDY
Of Counsel

LEONARD SPEAR
1923 - 2003

LOUIS H. WILDERMAN
1909 - 1993

August 23, 2016

Steven Stanish, President
SKS Manufacturing
P.O. Box 636
Uniontown, PA 15401

**Re:   Pennsylvania Heavy & Highway Contractors Pension Fund (the "Plan")
Default Delinquency Notice – Final**

Dear Mr. Stanish,

The purpose of this letter is to provide you with notice that SKS Manufacturing ("SKS"), has defaulted on its legal obligation to make quarterly withdrawal liability installment payments to the Plan. The Plan's records indicate that SKS effected a complete withdrawal from the Plan as of January 1, 2013. The Plan subsequently made a demand to SKS for payment of withdrawal liability on August 20, 2015 (enclosed is a copy of that correspondence). As requested by the demand, SKS has failed to pay four quarterly installment amounts due to the Plan for the installments due on October 20, 2015, January 20, 2016, April 20, 2016 and July 20, 2016, respectively. Based on calculations made as of the date of this letter, SKS is in arrears in the amount of **$9,815.00**. A final demand is hereby made for immediate payment of all past due amounts.

Please be advised if SKS fails to remedy this default within sixty (60) days from the date of this letter, the Plan will exercise its right pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and accelerate SKS's payment obligations. With such acceleration, SKS shall be required to pay immediately in full all outstanding amounts of withdrawal liability due to the Plan, plus accrued interest. Presently, SKS's outstanding single sum balance of withdrawal liability is **$64,452.00**.

Further, SKS is advised that should it fail to cure its default within the time provided above, the Plan will institute suit against SKS seeking, *inter alia*, the entire single sum balance of withdrawal liability owed, accrued interest, liquidated damages, costs of litigation and counsel fees.

Therefore, we urge you to take immediate action and contact either myself or my colleague, Benjamin Eisner, within the abovementioned period at (215) 732-0101.

Best regards,

Syretta J. Martin, Esq.
Spear Wilderman, P.C.
Counsel for the Plan

Enclosures
cc:     David Puchalski – Administrator (Via Email)
        Trustees – Mark Cummings and Derek Vanderslice (Via Email)

# PENNSYLVANIA HEAVY AND HIGHWAY
# CONTRACTORS PENSION FUND

Fund Office:  GEMGroup, Administrator, 3 Gateway Center, 401 Liberty Ave, Ste. 1200, Pittsburgh, PA 15222
Phone:  (412) 471-2885 / 1-800-242-8923 / Fax: (412) 471-2891

August 20, 2015

Steven M. Stanish, President
SKS Manufacturing
P.O. Box 636
Uniontown, PA  15401

RE:   **Pennsylvania Heavy & Highway Contractors Pension Fund (the "Plan"):**
      **Demand for Payment of Withdrawal Liability**

Dear Mr. Stanish:

As you know, this office acts as administrator of the Pennsylvania Heavy & Highway Contractors Pension Fund.  The Plan's Board of Trustees has determined that SKS Manufacturing, Inc., ("SKS") has ceased to have an obligation to contribute to the Plan.  As such, the Trustees have determined that SKS has effected a complete withdrawal from the Plan as of January 1, 2013.  Pursuant to the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the "Act"), the Board of Trustees hereby makes demand of payment of withdrawal liability in accordance with the schedule described below.

Please be advised that each entity that is part of the group of trades or businesses under common control with Corporation, if any, is jointly and severally liable for the amounts demanded herein.  This letter will constitute a demand on each such party.

As noted, the Trustees have determined that the complete withdrawal of the Employer occurred during the 2012 calendar year.  The Fund's actuary has prepared the withdrawal liability calculations pursuant to 29 U.S.C. 1391(b), and has calculated that the Employer is liable to the Fund in the amount of $64,452.  In accordance with 29 U.S.C. 1399(b) and the rules of the Plan, you are required to satisfy this obligation through the payment of thirty-three (33) quarterly payments in the amount of $2,453.75, plus a final payment of $2,275.25.

You are required to begin payment of the quarterly installments described above no later than sixty (60) days after the date of this demand, notwithstanding any request for review that you make.  The Employer's first quarterly installment is due to the Fund on October 20, 2015.  Subsequent installments are due on the last day of every January, April, July and October thereafter, until the final payment is made on January 20, 2024.  Failure to make timely payments will result in the accrual of interest on the unpaid amounts and may constitute a default, which will entitle the Plan to require immediate payment of the full amount of the withdrawal liability owed.  In addition, the Plan may be entitled to treat such a default as a delinquency, which would result in the assessment of a liquidated damage fee of twenty percent (20%) of the unpaid amount, interest and any court costs and attorney's fees incurred in the collection of any such amount.

The Employer has the right, within ninety (90) days after receipt of this demand, to:

1. Ask the Board of Trustees of the Plan to review any specific matter relating to the determination of the withdrawal liability and the schedule of payments;

2. Identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocated to the Employer; and

3. Furnish any relevant information to the Trustees.

Please note, however, that the law requires that the quarterly payments begin within sixty (60) days of the demand notwithstanding any request for review. If you choose to exercise your right to request a review of the determination of withdrawal liability, you will be notified of the Plan's decision after a reasonable review of the matters raised. Finally, you are entitled to prepay the outstanding withdrawal liability to the Fund, in whole or in part, with accrued interest, if any.

Sincerely,


David Puchalski
Fund Manager/GEMGroup, Inc.


cc: Benjamin Eisner and Andrew Levy, Fund Co-Counsel (via email)
    Glenn Hafer, Fund Actuary (via email)

# Pennsylvania Heavy and Highway Pension Fund
## Summary Information
### Withdrawal Liability As of December 31, 2012
### SKS Manufacturing, Inc.

**Change in Unfunded Vested Benefits / Unamortized as of 12/31/2012**

| Established | Amount | Established | Amount (a) |
|---|---|---|---|
| 12/31/2002 | 13,945,690 | 12/31/2002 | 6,972,845 |
| 12/31/2003 | (5,477,592) | 12/31/2003 | (3,012,676) |
| 12/31/2004 | 2,652,927 | 12/31/2004 | 1,591,756 |
| 12/31/2005 | 39,140,342 | 12/31/2005 | 25,441,222 |
| 12/31/2006 | (7,874,829) | 12/31/2006 | (5,512,380) |
| 12/31/2007 | 3,843,889 | 12/31/2007 | 2,882,917 |
| 12/31/2008 | 9,644,483 | 12/31/2008 | 7,715,586 |
| 12/31/2009 | 31,844,139 | 12/31/2009 | 27,067,518 |
| 12/31/2010 | 19,365,862 | 12/31/2010 | 17,429,276 |
| 12/31/2011 | 19,748,185 | 12/31/2011 | 18,760,776 |
| 12/31/2012 | 29,810,109 | 12/31/2012 | 29,810,109 |
| | | | 129,146,949 |

**Employer Contribution Bases / SKS Contributions / SKS Share of UVB**

| Plan Years | Amount (b) | Plan Years | Amount (c) | Plan Years | Amount (a) x (c)/(b) |
|---|---|---|---|---|---|
| 1998-2002 | 11,113,064 | 1998-2002 | 4,606 | 1998-2002 | 2,890 |
| 1999-2003 | 10,861,808 | 1999-2003 | 6,122 | 1999-2003 | -1,698 |
| 2000-2004 | 9,043,453 | 2000-2004 | 8,324 | 2000-2004 | 1,465 |
| 2001-2005 | 9,696,274 | 2001-2005 | 10,422 | 2001-2005 | 27,344 |
| 2002-2006 | 10,436,939 | 2002-2006 | 10,750 | 2002-2006 | -5,678 |
| 2003-2007 | 10,719,061 | 2003-2007 | 13,264 | 2003-2007 | 3,567 |
| 2004-2008 | 14,903,145 | 2004-2008 | 16,468 | 2004-2008 | 8,526 |
| 2005-2009 | 19,229,610 | 2005-2009 | 15,945 | 2005-2009 | 22,445 |
| 2006-2010 | 23,768,615 | 2006-2010 | 22,068 | 2006-2010 | 16,182 |
| 2007-2011 | 29,299,590 | 2007-2011 | 21,038 | 2007-2011 | 13,471 |
| 2008-2012 | 34,712,839 | 2008-2012 | 16,220 | 2008-2012 | 13,929 |
| | | | | | 102,443 |

**Reallocated Unfunded Vested Benefits / Unamortized as of 12/31/2012**

| Established | Amount | Established | Amount (e) |
|---|---|---|---|
| 12/31/2002 | - | 12/31/2002 | - |
| 12/31/2003 | - | 12/31/2003 | - |
| 12/31/2004 | - | 12/31/2004 | - |
| 12/31/2005 | 40,802 | 12/31/2005 | 26,521 |
| 12/31/2006 | 637,910 | 12/31/2006 | 446,537 |
| 12/31/2007 | 4,535,392 | 12/31/2007 | 3,401,544 |
| 12/31/2008 | - | 12/31/2008 | - |
| 12/31/2009 | 119,963 | 12/31/2009 | 101,969 |
| 12/31/2010 | - | 12/31/2010 | - |
| 12/31/2011 | - | 12/31/2011 | - |
| 12/31/2012 | - | 12/31/2012 | - |

**SKS Share of Reallocated UVB**

| Plan Years | Amount (e) x (c)/(b) |
|---|---|
| 1998-2002 | 0 |
| 1999-2003 | 0 |
| 2000-2004 | 0 |
| 2001-2005 | 29 |
| 2002-2006 | 460 |
| 2003-2007 | 4,209 |
| 2004-2008 | 0 |
| 2005-2009 | 85 |
| 2006-2010 | 0 |
| 2007-2011 | |
| 2008-2012 | 0 |
| | 4,783 |

| | |
|---|---|
| Total Withdrawal Liability | 107,226 |
| De Minimis | 42,774 |
| Net Withdrawal Liability | 64,452 |

Payments
Highest Three-year Average Contribution Base Units : 1,963 (Years 2003-2005)
Highest Contribution Amount: $5.00
Annual Payment: $9,815